IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>3333 ALPHARETTA LIFEHOPE 10 ACRE LAND, LLC,<br><br>　　Debtor.<br><br>3333 Alpharetta Lifehope 10 Acre Land, LLC,<br>Movant,<br><br>vs<br><br>Capital One, N.A.,<br>Respondent. | CHAPTER 11<br><br>CASE NO. 22-57594<br><br>**Contested Matter** |

### EMERGENCY MOTION FOR ENTRY OF AN INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

COMES NOW, 3333 Alpharetta Lifehope 10 Acre Land, LLC (the "Debtor"), pursuant to Section 363 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 363 (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and files this Emergency Motion for Entry of an Interim Order Authorizing Use of Cash Collateral ("Motion").  In support of the Motion, the Debtor show the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief requested in this Motion is based on Sections §§ 105, 361, 363, and 364 of the Bankruptcy Code Bankruptcy Rule 4001(b).

1

**Background**

3. On September 23, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and has continued in possession of its property and management of its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. As of the date of this filing, no official committee of unsecured creditors has been appointed and no request for the appointment of a trustee or examiner has been made.

4. The Debtor is a Georgia-based company that owns a commercial rental property located at 3333 Old Milton Parkway, Alpharetta, Georgia 30005 (the "Property" and the "Business"). The Property is a medical office building.

5. Upon information and belief, Capital One, N.A. ("Capital One"), asserts a first priority security interest in all rental income derived from the Property.

6. In order to effectively reorganize, Debtor must have access to cash to pay the operating expenses of the Business. If Debtor does not have the authority to use their available cash to pay operating expenses of the Business, including insurance, wages, and property taxes, the Business will be irrevocably harmed.

**Relief Requested**

7. The Debtor, after conducting an interim hearing on the Motion, seeks the entry of an order, pursuant to Sections 105, 361, and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b): (a) authorizing the Debtor to use cash collateral pursuant to the proposed budget attached to this Motion (the "Budget"); and (b) scheduling a final hearing on the Motion. In accordance with Bankruptcy Rule 4001, the following are the Debtor's proposed terms for the use of cash collateral:

(a) <u>Purpose.</u>  Cash collateral will be used to pay operating expenses of the Business, including, but not limited to, the insurance, wages, and property taxes.

(b) <u>Use of Cash Collateral</u>.  Cash collateral will be used only pursuant to the terms of the Budget during the period following entry of the Interim Order until the earlier of: (i) 45 days following entry of the Interim Order or (ii) conversion of the case to Chapter 7 or dismissal of the case.

(c) <u>Adequate Protection</u>.  As adequate protection for the cash collateral expended pursuant to the Interim Order, Capital One shall be given a replacement lien on all tangible and intangible personal property, including but not limited to, goods, fixtures, chattel paper, documents, equipment, instruments and inventory wherever located belonging to Debtor, to the extent and validity of those liens that existed pre-petition. Cash collateral will only be used for items set forth in a budget to be approved by the Court.  A copy of the Budget is attached hereto as <u>Exhibit A</u>.

### Basis for Relief Requested

9. The Debtor's use of the cash collateral is essential to the continuing operation of the Business and for an effective reorganization.  If Debtor does not have the authority to use its available cash to pay operating expenses of the Business, the going concern value of the Business will be significantly harmed and the estate and creditors will be negatively affected. The Debtor does not propose to use cash collateral to pay any creditors any amounts due and owing pre-petition, other than pre-petition wages.

10. Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use, sell or lease cash collateral unless each entity with an interest in such cash collateral consents or the Court authorizes such use, sale or lease.  Section 363(e) provides that the Court shall condition

such use of cash collateral as is necessary to provide adequate protection of such interests. Section 363(p) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest, and the debtor-in-possession has the burden of proof on the issue of adequate protection.

11. The Debtor requests authority to use cash collateral for the purposes and amounts set forth in the proposed budget attached hereto as <u>Exhibit A</u>. In accordance with Section 363(e), the proposed Interim Order provides that adequate protection will be provided to the First Priority Lender to the extent of any diminution in value of its pre-petition collateral through replacement liens.

### **Request for Immediate and Emergency Interim Relief**

12. Pending the Final Hearing, the Debtor requires immediate use of cash collateral to meet its obligations. It is essential that the Debtor maintain consistent operations and resume paying for ordinary, post-petition operating expenses to minimize any damage caused by the filing. Without immediate use of cash collateral, the Debtor will be unable to pay ongoing operating expenses. Accordingly, if interim relief is not granted, the Debtor's assets will be immediately and irreparably jeopardized to the detriment of the Debtor, the estate, creditors, and other parties in interest.

13. The Debtor requests the Court to schedule an Interim Hearing as soon as practicable to consider the Debtor's request for use of cash collateral. Bankruptcy Rule 4001(b) permits a court to approve a debtor's request for use of cash collateral during the 3-4 week period following the filing of a motion for use of cash collateral in such amounts as is necessary to avoid irreparable harm to the estate pending a final hearing. In considering requests for interim relief courts apply the same business judgment standard applicable to other business decisions.

14. For the reasons explained above, the Debtor believes that granting the relief requested is appropriate and in the best interest of the estate.

## Notice

15. Notice of this Motion has been provided to the Office of the United States Trustee, Capital One and any other creditors who may have an interest in the Cash Collateral. In light of the interim nature of the relief requested, the Debtor submits that such notice is adequate under the circumstances.

**WHEREFORE**, the Debtor requests that this Court enter an order granting interim use of cash collateral consistent with this Motion; and grant the Debtor such other and further relief as is just and proper.

Dated: September 26, 2022

*/s/ Will B. Geer*
Georgia State Bar No. 940493
Rountree, Leitman, Klein & Geer, LLC
Century One Plaza
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
T: (404) 584-1238
wgeer@rlkglaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>**3333 ALPHARETTA LIFEHOPE 10 ACRE LAND, LLC,**<br><br>    Debtor.<br><br>**3333 Alpharetta Lifehope 10 Acre Land, LLC,**<br>**Movant,**<br><br>vs<br><br>**Capital One, N.A.,**<br>**Respondent.** | **CHAPTER 11**<br><br>**CASE NO. 22-57594**<br><br>**Contested Matter** |

**INTERIM ORDER AUTHORIZING DEBTOR TO USE**
**CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

This matter came before the Court on September __, 2022 for hearing (the "**Preliminary Hearing**") on the Motion of 3333 Alpharetta Lifehope 10 Acre Land, LLC (the "**Debtor**") for Authority to Use Cash Collateral (the "**Motion**").[1] Upon consideration of the Motion, representations of counsel at the Preliminary Hearing, and all other matters of record, the Court hereby finds:

A. The Debtor filed its petition for relief under chapter 11 of the Bankruptcy Code on September 23, 2022 (the "**Petition Date**"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and has continued the operation and management of its business in this chapter 11 case.

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

B.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), involving matters under 11 U.S.C. §§ 361 and 363.  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

C.  The Debtor asserts that it is allegedly a borrower on a certain loan with Capital One, N.A. (the "**Lender**"), which asserts security interests in certain of the Debtor's rental property and rents.

D.  The rental income from the Debtor's business may constitute Cash Collateral as that term is defined in 11 U.S.C. § 363 (the "**Cash Collateral**").  The Debtor believes that the Lender may assert an interest in the Cash Collateral.  The Debtor is not aware of any other creditor asserting an interest in the Cash Collateral.

E.  The Debtor asserts that it generates substantially all of its revenue from the operation of its business.

F.  The Debtor asserts that it has provided actual notice of the Motion and the relief requested therein to the Lender, to each of the Debtor's Twenty Largest Unsecured Creditors, and the United States Trustee.

G.  The Debtor alleges that an immediate need exists for the Debtor to obtain use of the Cash Collateral to fund critical operations. A schedule of the Debtor's revenues and cash requirements for the 4 weeks following the Petition Date is set forth in the budget (the "**Budget**") attached to the Motion as **Exhibit A**.

H.  The Debtor alleges that to preserve the value of its assets, it requires the use of the Cash Collateral in accordance with this Order.

I.  Good cause has been shown for the entry of this Order and authorization for the Debtor to use cash collateral pending the final hearing on the Motion pursuant to Bankruptcy

Rule 4001(b) (the "**Final Hearing**"). Among other things, entry of this Order will minimize disruption, will increase the possibility for a successful reorganization, and is in the best interests of the Debtor, its creditors, and other parties-in-interest.

Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1. The Motion is GRANTED on an interim basis. Subject to the terms hereof, this Order is effective immediately.

2. The Debtor is authorized to use Cash Collateral as set forth herein from the date of the entry of this Order through and including the date of the final hearing on the Motion (the "**Interim Period**"). The Interim Period may be extended by further order of the Court.

3. To provide adequate protection for the Debtor's use of the Cash Collateral authorized hereunder, the Lenders, to the extent they hold a valid lien, security interest, or right of setoff as of the Petition Date under applicable law, are hereby granted a valid and properly-perfected lien (the "**Adequate Protection Lien**") on all property acquired by the Debtor after the Petition Date that is the same or similar nature, kind, or character as the Lenders' respective pre-petition collateral, except that no such replacement lien shall attach to the proceeds of any avoidance actions under Chapter 5 of the Bankruptcy Code. The Adequate Protection Lien shall be deemed automatically valid and perfected upon entry of this Order.

4. Nothing herein shall be construed as a finding or conclusion that the Lenders or any other party holds a valid security interest, lien, or any interest in any of the Debtor's assets, and all parties' rights with respect to such issues are reserved.

5. This Order is entered without prejudice to the rights of either the Lenders or the Debtor to seek a modification of the terms hereof after notice and a hearing, and without prejudice to the right of Debtor to object to any claim

6. The Court shall hold a final hearing on the Motion on _____, 2022 at \_\_\_\_\_ **in Courtroom 1204, United States Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303**. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website www.ganb.uscourts.gov prior to the hearing for instructions on appearing by phone.

7. The instant Order shall remain valid until such hearing, or any continuation thereof, has been held and a ruling entered.

### ### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Will B. Geer*
William A. Rountree, Ga. Bar No. 616503
Will B. Geer, Ga. Bar No. 940943
Caitlyn Powers, Ga. Bar No. 856354
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlkglaw.com
wgeer@rlkglaw.com
cpowers@rlkglaw.com
*Proposed Attorneys for the Debtor*

| 4-week Budget | Week 1 Friday | Week 2 Friday | Week 3 Friday | Week 4 Friday |
|---|---|---|---|---|
| Week Beginning Date | **9/19/2022** | **9/26/2022** | **10/3/2022** | **10/10/2022** |
| Week Ending Date | **9/23/2022** | **9/30/2022** | **10/7/2022** | **10/14/2022** |
| Prior Week - Beginning Cash | 10,881.76 | 6,783.21 | 89,936.47 | 4,871.99 |
| **Operating Cash Flow** | | | | |
| **Revenue** | | | | |
| Sonali Bora Enterprises | | 3,538.16 | | |
| The Graivier Center P.C. | | 18,622.29 | | |
| The Graivier Center P.C. | | 10,112.31 | | |
| The Graivier Center P.C. | | 321.95 | | |
| Pain Physicians of Atlanta | | 21,850.44 | | |
| Pain & Spine Physicians Surgery Center, LLC | | 18,903.99 | | |
| Aient Management Company, LLC | | 25,101.24 | | |
| The Center for Advanced Medicine, LLC | | 18,091.09 | | |
| **Total Revenue** | - | 116,541.47 | - | - |
| **Expenses** | | | | |
| **Wages** | Prepetition | | | |
| Dalia Soria | (456.00) | (456.00) | (456.00) | (456.00) |
| Darius Brooks (darbro) | (576.00) | (576.00) | (576.00) | (576.00) |
| Demarco McKenzie | (836.55) | (836.55) | (836.55) | (836.55) |
| Demarion Smith | (386.00) | (386.00) | (386.00) | (386.00) |
| Darius Brooks | (480.00) | (480.00) | (480.00) | (480.00) |
| Jennifer Yearwood | (420.00) | (420.00) | (420.00) | (420.00) |
| Keyona R Jones | (288.00) | (288.00) | (288.00) | (288.00) |
| Len Poplar | (290.00) | (290.00) | (290.00) | (290.00) |
| Rhonda McLendon | (366.00) | (366.00) | (366.00) | (366.00) |
| **Employees** | | | | |
| Janice Bouie | | (1,906.66) | | |
| **Trash - Waste Management** | | (3,300.00) | | |
| **Total Maintenance, Contract & Repairs** | | (1,400.00) | | |
| **Total Utilities (Electric, Gas, Water, Sewer, Phone)** | | | | |
|   Georgia Power | | (13,500.00) | | |
|   Fulton County Water | | (3,000.00) | | |
|   Telephone | | (750.00) | | |
| **Janitorial Supplies** | | (1,000.00) | | |
| **Lawn, Landscape, Grounds, Irrigation** | | | | |
| **Parking lot repair & maintenance** | | | | |
| Insurance Past Due & Paid Current $48,644.00 | | (4,433.00) | | |
| Legal Fees | | | | |
| CPA | | | | |
| UST Distribution Fee | | | | |
| **Total Expenses** | | (33,388.21) | | |
| **Weekly Operating Cash Flow** | **(4,098.55)** | **83,153.26** | **(4,098.55)** | **(4,098.55)** |
| **Financing Cash Flow** | | | | |
| Capital One Loan Payments | | | | |
| Ground Lease Payments | | | (80,965.93) | |
| **Weekly Financing Cash Flow** | **-** | **-** | **(80,965.93)** | **-** |
| **Weekly Free Cash Flow** | **(4,098.55)** | **83,153.26** | **(85,064.48)** | **(4,098.55)** |
| End of Week / Month Cash | 6,783.21 | 89,936.47 | 4,871.99 | 773.44 |