**IT IS ORDERED as set forth below:**



**Date: November 3, 2022**

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 3333 ALPHARETTA LIFEHOPE 10 ACRE LAND, LLC, | ) ) ) | Case No. 22-57594-LRC |
| Debtor. | ) ) ) | |
| 3333 ALPHARETTA LIFEHOPE 10 ACRE LAND, LLC, | ) ) ) | Contested Matter |
| Movant, | ) ) ) | |
| v. | ) ) | |
| CAPITAL ONE, N.A., | ) ) | |
| Respondent | ) | |

**SECOND INTERIM ORDER AUTHORIZING DEBTOR'S LIMITED USE OF
CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

QB\76450578.5

This matter came before the Court on October 27, 2022 for a continued hearing (the "Continued Hearing") on the *Emergency Motion For Entry Of An Interim Order Authorizing Use Of Cash Collateral* [Docket No. 4] (the "Emergency Motion") filed by 3333 Alpharetta Lifehope 10 acre Land, LLC (the "Debtor"). Through the Emergency Motion, the Debtor requested that the Court enter an interim order authorizing the Debtor's limited use of cash collateral pending a final hearing on the Emergency Motion.

Capital One, National Association ("Capital One"), as agent and lender under the Loan Agreement (defined below), initially filed its *Limited Objection To Debtor's Emergency Motion For Entry Of An Interim Order Authorizing Use Of Cash Collateral* [Docket No. 13] (the "Limited Objection") with respect to the Emergency Motion.

The Court held a preliminary hearing on the Emergency Motion on September 28, 2022 (the "Preliminary Hearing"). Following this hearing, the Court entered its *Interim Order Authorizing Debtor's Limited Use Of Cash Collateral And Granting Adequate Protection* [Docket No. 17] (the "First Interim Order"). The First Interim Order authorized the Debtor's limited use of Cash Collateral under the terms stated therein pending a final hearing scheduled for October 27, 2022.

On October 24, 2022, Capital One filed its *Objection To Final Approval Of Debtor's Emergency Motion For Authorization To Use Cash Collateral* [Docket No. 43] (the "Second Objection"), thereby objecting to final approval of the Emergency Motion. The Debtor and Capital One have agreed to continue the final hearing on the Emergency Motion, and to the entry of this Second Interim Order authorizing the Debtor's limited use of cash collateral for a further interim period under the terms and conditions stated herein.

Having reviewed and considered the Emergency Motion, the Limited Objection, the Second Objection, the representations and argument of counsel at the Preliminary Hearing and the Continued Hearing, and the entire record before the Court, and good and sufficient cause appearing therefor,

**IT IS HEREBY FURTHER FOUND AND CONCLUDED** that:

QB\76450578.5

A. On September 23, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court commencing the above-captioned Chapter 11 case (the "Bankruptcy Case"). Pursuant to Bankruptcy Code §§ 1107 and 1108, the Debtor is continuing in possession of its assets and has continued in the operation and management of its business as debtor-in-possession.

B. This Court has jurisdiction over the Emergency Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. The Emergency Motion presents a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

C. Under the circumstances, proper and sufficient notice of the Emergency Motion, the Continued Hearing and the relief granted in this Second Interim Order has been given by the Debtor.

D. The Debtor is the owner of certain interests in real property and improvements comprising an office building located at 3333 Old Milton Parkway, Alpharetta, Fulton County, Georgia (the "Property").

E. The Debtor is not the owner of the real property underlying the office building. Rather, the Debtor is the ground lessee of the Property pursuant to a Ground Lease Agreement dated as of August 31, 2017 (as amended from time to time, the "Ground Lease") between 3333 Old Milton Alpharetta LLC (the "Ground Lessor"), as landlord, and the Debtor, as tenant.

F. Pursuant to a Loan Agreement dated as of August 30, 2019 (as thereafter amended, the "Loan Agreement") entered by the Debtor, as borrower, and Capital One, as administrative agent, collateral agent, and a lender, Capital One provided a non-revolving loan facility in the maximum principal amount of $32,000,000 to Borrower (the "Loan"). (The Loan Agreement, as amended prior to the Petition Date, together with all collateral and ancillary documents executed in connection therewith are referred to herein as the "Loan Documents", and the principal, interest, fees, expenses and other amounts owing by the Debtor under the Loan Documents are referred to herein as the "Indebtedness").

3

QB\76450578.5

G. Capital One asserts that, (i) as of the Petition Date, the unpaid principal balance of the Loan is at least $28,302,407.35; and (ii) in addition, accrued and accruing interest (including default interest), costs, fees (including attorney's fees) and other amounts chargeable to the Debtor under the Loan Agreement and other Loan Documents are fully due and owing by the Debtor.

H. Capital One asserts that, as security for repayment of the Indebtedness, Capital One holds valid, perfected, and enforceable liens and security interests in substantially all assets of the Debtor as described in the Loan Documents (collectively, the "Capital One Collateral"), including, among other things, all funds held by or for the Debtor as of the Petition Date and all rents collected from tenants of the Property.

I. The Capital One Collateral includes cash proceeds and other cash equivalents that are "cash collateral" as defined in Bankruptcy Code §363(a). The Capital One Collateral that is cash collateral will be referred to herein as the "Cash Collateral."

J. Capital One has not consented to any subsequent use of its Cash Collateral by the Debtor except only under the express terms and conditions stated in this Second Interim Order.

K. Under the circumstances of this case, cause exists for the Court to grant the relief provided in this Second Interim Order, including to provide adequate protection of Capital One's interests in the Cash Collateral in accordance with Bankruptcy Code §§ 363(c)(4) and (e).

Accordingly, based upon the foregoing findings and conclusions, and upon the record made before the Court at the Continued Hearing, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED** that:

1. The Emergency Motion is hereby granted on an interim basis for an extended interim period (as stated below), subject to the terms and conditions set forth in this Second Interim Order. All objections to the entry of this Second Interim Order only have either

4

QB\76450578.5

been resolved as stated on the record at the Continued Hearing, or shall be overruled for purposes of this Second Interim Order only.  (Capital One otherwise reserves the objections raised in its Second Objection.)

2. Pursuant to Bankruptcy Code § 363(c), the Debtor is authorized to use Cash Collateral under (and only under) the terms and conditions set forth in this Second Interim Order.

3. Unless terminated earlier under the terms of this Second Interim Order, the Debtor's authorization to use Cash Collateral under this Second Interim Order shall terminate on November 17, 2022.  If the Debtor fails to comply fully with the material terms and conditions of this Second Interim Order, then Capital One objects to any subsequent use of Cash Collateral by the Debtor, and the Debtor's authorization to use Cash Collateral for any purpose is terminated; provided, however, that the Debtor may thereafter obtain an emergency hearing on further authority to use Cash Collateral at a hearing set on at least three (3) business days' notice to Capital One and the United States Trustee.  Nothing herein shall be deemed a waiver of (i) the Debtor's right to seek authority to continue its use of the Cash Collateral beyond termination of authority under this Second Interim Order, or (ii) the right of Capital One or any other party to object thereto.

4. A short-term budget prepared by the Debtor is attached as **Exhibit A** to this Second Interim Order (the "Budget").  Unless authority to use Cash Collateral under this Second Interim Order has been terminated earlier as provided herein and subject to the limitations stated below, the Debtor may use Cash Collateral to pay (i) ordinary and necessary operating expenses in accordance with the Budget, or (ii) other specific expenses with the prior written consent of Capital One.  The authority of the Debtor to use Cash Collateral is subject to the following additional limitations -- without the prior written consent of Capital One or further Court order, (a) the Debtor shall not make any payments to any insider or affiliate; (b) the Debtor shall not pay any expenses that would cause aggregate payments for any week under the Budget to exceed 110% of the aggregate

amount shown in the Budget for that week; and (c) the Debtor shall not pay any expenses that would cause aggregate payments under any line item of the Budget to exceed 110% of the aggregate amount shown in the Budget for that line item (except that the Debtor may pay amounts in excess of this limitation with respect to the line item for payments to Georgia Power).

5. No later than November 7, 2022, the Debtor shall pay (i) the rent payment due under the Ground Lease for November, 2022, (ii) all unpaid bills for post-petition utility service, and (iii) insurance premium payments for September and October, 2022 totaling approximately $8,866.

6. No later than November 1, 2022, the Debtor will designate a debtor-in-possession deposit account as the "Cash Collateral Account" for purposes of this Second Interim Order, and will provide written notice to the US Trustee and Capital One regarding this designation. The Debtor shall at all times segregate and sequester all of the Cash Collateral (including, without limitation, all funds held by or for the Debtor and all rents collected from tenants of the Property) in the Cash Collateral Account. The Debtor may withdraw funds from the Cash Collateral Account only as necessary to pay authorized expenses in accordance with the provisions of this Second Interim Order. Without limiting the foregoing:

    a. No later than November 2, 2022, the Debtor shall (i) deposit all funds it is holding (including, without limitation, all uncashed rent checks from tenants) and other Cash Collateral into the Cash Collateral Account, (ii) cause all funds or other Cash Collateral held for the Debtor by any of its principals or affiliates to be returned to the Debtor and deposited into the Cash Collateral Account, and (iii) identify in a written communication to Capital One any funds held for the Debtor by any third party, including the amount of such funds, the third party holding such funds, and the reasons and bases for the third party to be holding funds of the Debtor. (This provision does not in any way limit or restrict the rights of the Debtor or any

6

QB\76450578.5

other party to investigate, or seek to avoid or recover, any payments or transfers made by the Debtor before or after the commencement of the Bankruptcy Case, and all such rights are expressly reserved.)

      b.    The Debtor shall direct all tenants of the Property to make rent payments directly into the Cash Collateral Account, or shall deposit all such rent payments in the Cash Collateral Account no later than two (2) business days after receipt by the Debtor.

7.    Paragraphs 6 and 7 of the First Interim Order relating to the Replacement Liens granted to Capital One shall continue and remain in full force and effect.

8.    The Debtor shall provide to Capital One the following financing reports and information:

      a.    On each Tuesday after September 28, 2022, the Debtor shall provide to Capital One a written report that includes the following: (a) the balance of the Cash Collateral Account (in which the Cash Collateral is segregated) at the end of the prior week; (b) a list of all withdrawals from the Cash Collateral Account, and each of the payments funded with those withdrawals; and (c) a list of all deposits in the Cash Collateral Account and the source of those deposits (including the name of tenants making rent payments).

      b.    No later than ten (10) days following the end of each month, the Debtor shall provide to Capital One, with respect to the preceding month, an income statement, a cash flow statement, and a comparison of actual expenses paid against the Budget.

      c.    In addition, the Debtor shall promptly provide to Capital One all other financial information related to Cash Collateral or related matters as reasonably requested by Capital One or its attorneys or other representatives.

9.    No later than November 4, 2022 (or such later date acceptable to Capital One in its sole discretion), the Debtor shall grant full and prompt access to Capital One's

financial consultant (MCA Financial) (i) to inspect the Property, (ii) to review all of the Debtor's books, records, and other financial information, including, without limitation, tenant leases, amendments, and agreements, and (iii) to review matters pertaining to the existing defaults under the Ground Lease, including, without limitation, the failure to complete construction of the parking deck at the Property.  Pursuant to this Second Interim Order, the Debtor shall provide MCA Financial with access to the Debtor's books, records and financial information, but not the books and records of affiliates.  Among other things, the Debtor will provide any requested reports that can be generated by the Debtor's Yardi financial management software, but the Debtor will not be required to allow MCA Financial to log into the Yardi system directly.  Further, the Debtor's personnel shall reasonably cooperate with the review and analysis by MCA Financial, but shall not be required to facilitate any direct communications by MCA Financial with tenants at the Property pursuant to this Second Interim Order.

10. No later than November 10, 2022, the Debtor shall respond to the Discovery Request (as defined in the Second Objection) that Capital One sent the Debtor pertaining to the final hearing.

11. Nothing in this Second Interim Order will be deemed or construed as an admission or waiver by Capital One as to adequate protection, or any other issue in the Bankruptcy Case; nor, shall this Second Interim Order constitute consent by Capital One to the use of its Cash Collateral other than under the terms and conditions expressly provided herein.  In addition, nothing contained in this Second Interim Order shall prejudice the rights of Capital One to seek any relief that Capital One may deem necessary and appropriate under the circumstances.

12. Nothing in this Second Interim Order shall be construed as a finding or conclusion that Capital One or any other party holds a valid security interest, lien, or any interest in any of the Debtor's assets, and all parties' rights with respect to such issues are reserved.

QB\76450578.5

13. The Court shall hold a continued telephonic hearing on the Emergency Motion (the "Second Continued Hearing") initially by telephone at the following number: (toll-free number*: * **833-568-8864***;* meeting id: **161 346 1602**, at **10:15 a.m**. on **November 17, 2022** in Courtroom 1204, United States Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov [ganb.uscourts.gov%20]for more information.

14. If, prior to the Second Continued Hearing, the Debtor and Capital One have reached agreement regarding the final approval of the Emergency Motion, the Second Continued Hearing will be treated as a final hearing.  Otherwise, a final, evidentiary hearing on the Emergency Motion will be held on **December 7, 2022 at 10:00 a.m.**, and issues regarding the Debtor's limited use of Cash Collateral from November 17, 2022 through December 7, 2022 will be address at the Second Continued Hearing.

15. The Court has and hereby retains jurisdiction to enforce this Second Interim Order according to its terms.

### ###END OF ORDER###

**Prepared and presented by:**

**QUARLES & BRADY LLP**

*/s/ Robert P. Harris*

9

QB\76450578.5

John A. Harris (*pro hac vice*)
Arizona Bar No. 014459
john.harris@quarles.com
Robert P. Harris (*pro hac vice*)
Arizona Bar No. 011523
robert.harris@quarles.com
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5200

-and-

Walter E. Jones
Georgia Bar No. 163287
wjones@balch.com
Patrick Silloway
Georgia Bar No. 971966
psilloway@balch.com
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656

ATTORNEYS FOR CAPITAL ONE, N.A.

**Consented to by:**

*/s/ Elizabeth Childers* (w/ express permission)
Elizabeth Childers
Georgia Bar No. 606503
Rountree Leitman Klein & Geer, LLC
Century Plaza I, Suite 350
2987 Clairmont Road
Atlanta, GA 30329
Telephone: (404) 990-3290
Facsimile: (404) 704-0246
echilders@rlkglaw.com


Distribution List:

The Clerk shall serve a copy of this order on all parties on the mailing matrix.

# EXHIBIT A

| Budget | Week 1 Friday | Week 2 Friday | Week 3 Friday | Week 4 Friday | | Week 5 Friday | Week 6 Friday | Week 7 Friday | Week 8 Friday | Week 9 Friday |
|---|---|---|---|---|---|---|---|---|---|---|
| Week Beginning Date | 9/19/2022 | 9/26/2022 | 10/3/2022 | 10/10/2022 | | 10/17/2022 | 10/24/2022 | 10/31/2022 | 11/7/2022 | 11/14/2022 |
| Week Ending Date | 9/23/2022 | 9/30/2022 | 10/7/2022 | 10/14/2022 | Actual Balance | 10/21/2022 | 10/28/2022 | 11/4/2022 | 11/11/2022 | 11/18/2022 |
| Prior Week - Beginning Cash | 10,881.76 | 2,391.71 | 88,322.85 | 1,651.93 | | 10,465.36 | 3,968.93 | 87,223.91 | 155,399.52 | 121,718.32 |
| **Operating Cash Flow** | | | | | | | | | | |
| Revenue | | | Received Not Paid in yet | | | Will deposit | | | | |
| Sonali Bora Enterprises | | 3,538.16 | 3,538.17 | | | | 3,538.17 | 3,538.16 | - | - |
| The Graivier Center P.C. | | 18,622.29 | 18,944.24 | | | | 18,944.24 | 18,622.29 | - | - |
| The Graivier Center P.C. | | 10,112.31 | 10,112.31 | | | | 10,112.31 | 10,112.31 | - | - |
| The Graivier Center P.C. | | 321.95 | | | | | | 321.95 | - | - |
| Pain Physicians of Atlanta | | 21,850.44 | 21,850.44 | | | | 21,850.44 | 21,850.44 | - | - |
| Pain & Spine Physicians Surgery Center, LLC | | 18,903.99 | 18,903.99 | | | | 18,903.99 | 18,903.99 | - | - |
| Aient Management Company, LLC | | 25,101.24 | | | | | | 50,202.48 | - | - |
| | | | 18,944.24+ | | | | | | | |
| The Center for Advanced Medicine, LLC | | 18,091.09 | 18,091.09 | | | | 37,035.33 | 18,091.09 | - | - |
| Revue Pharmacy | | 2,669.33 | | | | | | 5,338.67 | - | - |
| Alpharetta Medical Associates PC | | | 6551.70 | | | | 6,551.70 | 6,551.70 | - | - |
| **Total Revenue** | - | 119,210.80 | | - | | - | 116,936.18 | 153,533.08 | - | - |
| | | | 116,083.03 | | | | | | | |
| **Expenses** | | | | | | | | | | |
| Wages | | | | | Paid Out of 3333 | | | | | |
| | | Prepetition | | | | | | | | |
| Adolfo Tolentino | | | | | (660.00) | | | | | |
| Dalia Soria - Honan Affiliate | (456.00) | (456.00) | (456.00) | (456.00) | (660.00) | (660.00) | (660.00) | (660.00) | (660.00) | |
| Darius Brooks - Honan Affiliate Paid him | (480.00) | (480.00) | (480.00) | (480.00) | (480.00) | (480.00) | (480.00) | (480.00) | (480.00) | |
| Demarco McKenzie - Honan Affiliate Paid him | (836.55) | - | (1,056.00) | | (412.34) | (412.34) | (412.34) | (412.34) | (412.34) | |
| Demarion Smith - Honan Affiliate Paid him | - | (690.00) | - | - | - | - | - | - | - | |
| Eddie Sanders - Honan Affiliate Paid him | - | - | (657.60) | | (580.80) | (580.80) | (580.80) | (580.80) | (580.80) | |
| Jennifer Yearwood - Honan Affiliate Paid him | (420.00) | (420.00) | (420.00) | (420.00) | (505.20) | (505.20) | (505.20) | (505.20) | (505.20) | |
| Joyce Henderson - Honan Affiliate Paid him | | | | (698.40) | (661.20) | (661.20) | (661.20) | (661.20) | (661.20) | |
| Keyona R Jones | (288.00) | (288.00) | (288.00) | (288.00) | (300.00) | (300.00) | (300.00) | (300.00) | (300.00) | |
| Len Poplar - Honan Affiliate Paid him | (290.00) | (290.00) | (290.00) | (290.00) | (600.00) | (600.00) | (600.00) | (600.00) | (600.00) | |
| Leonard Holmes - Honan Affiliate Paid him | | | (993.00) | | (355.20) | | | | | |
| Nahim Bishop | | | | | (1,089.69) | | | | | |
| Rhonda McLendon - Honan Affiliate Paid him | (366.00) | (366.00) | (366.00) | (366.00) | (192.00) | (192.00) | (192.00) | (192.00) | (192.00) | |
| **Employees** | | | | | | | | | | |
| Janice Bouie | (953.50) | (1,906.66) | | (1,906.66) | | (1,906.66) | - | (1,906.66) | - | |
| Paid by HHR | | Paid | | Paid | | Unpaid | | | | |
| Trash - Waste Management | | (3,300.00) | | | | | (3,300.00) | - | (3,300.00) | - |
| Total Maintenance, Contract & Repairs | (4,400.00) | (1,400.00) | | | | | (1,400.00) | - | (1,400.00) | - |
| Total Utilities (Electric, Gas, Water, Sewer, Phone) | | | | | | | - | - | - | - |
| Georgia Power | | (13,500.00) | | | | | (13,500.00) | - | (13,500.00) | - |
| Fulton County Water | | (3,000.00) | | | | | (3,000.00) | - | (3,000.00) | - |
| Telephone | | (750.00) | | | | | (750.00) | - | (750.00) | - |
| Janitorial Supplies | | (1,000.00) | | | | | (1,000.00) | - | (1,000.00) | - |
| Lawn, Landscape, Grounds, Irrigation | | (1,000.00) Paid Honan Affiliate | | | | -1000 Paid Honan Affiliate | - | - | - | - |
| Parking lot repair & maintenance | | | | | | | - | | | |
| Insurance Past Due & Paid Current $48,644.00 | | (4,433.00) | | | | | (4,433.00) | - | (4,433.00) | - |
| Legal Fees | | | | | | | - | - | - | - |
| CPA | | | | | | | - | - | - | - |
| UST Distribution Fee | | | | | | | - | | | |
| **Total Expenses** | (8,490.05) | (33,279.66) | (5,705.00) | (4,206.66) | | (6,496.43) | (33,681.20) | (4,391.54) | (33,681.20) | (4,391.54) |
| **Weekly Operating Cash Flow** | (8,490.05) | 85,931.14 | (5,705.00) | (4,206.66) | | (6,496.43) | 83,254.98 | 149,141.54 | (33,681.20) | (4,391.54) |
| **Financing Cash Flow** | | | | | | | | | | |
| Capital One Loan Payments | | | | -85,480.05 Paid by Honan Affiliate | | | | | | |
| Ground Lease Payments | | | (80,965.93) | | | | | (80,965.93) | | |
| **Weekly Financing Cash Flow** | - | - | (80,965.93) | - | | - | - | (80,965.93) | - | - |
| **Weekly Free Cash Flow** | (8,490.05) | 85,931.14 | (86,670.93) | (4,206.66) | | (6,496.43) | 83,254.98 | 68,175.61 | (33,681.20) | (4,391.54) |
| End of Week / Month Cash | 2,391.71 | 88,322.85 | 1,651.93 | (2,554.73) | | 3,968.93 | 87,223.91 | 155,399.52 | 121,718.32 | 117,326.78 |