**IT IS ORDERED as set forth below:**

**Date: March 10, 2023**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| 3333 ALPHARETTA LIFEHOPE 10 ACRE LAND, LLC, | Case No. 22-57594-LRC |
| Debtor. | |

### ORDER: (I) TERMINATING CONFIRMATION PROCEEDINGS ON DEBTOR'S PROPOSED PLAN; (II) CONFIRMING IMMEDIATELY EFFECTIVE STAY RELIEF IN FAVOR OF CAPITAL ONE; AND (III) CONFIRMING THAT CAPITAL ONE HAS THE RIGHT TO ELECT TO PURSUE A SECTION 363 SALE OF ITS COLLATERAL

This matter came before the Court pursuant to *Capital One's Emergency Motion For Order: (I) Terminating Confirmation Proceedings On Debtor's Proposed Plan; (II) Confirming Immediately Effective Stay Relief In Favor Of Capital One; And (III) Confirming That Capital One Has The Right To Elect To Pursue A Section 363 Sale Of Its Collateral* [Dkt. 125] (the "Emergency Motion") filed by Capital One, National Association ("Capital One"). Through the Emergency Motion, Capital One requests the

QB\191108.00436\78744696.2

immediate entry of an Order: (i) terminating the confirmation process with respect to the Debtor's Amended Plan (described below) based on the Court's Order re DS;[1] (ii) confirming that the stay relief granted to Capital One under the Court's Stipulated Order is now immediately effective;[2] and (iii) confirming that that Capital One is authorized, at its election and in its sole discretion, to pursue a Section 363 sale of Capital One's Collateral to be conducted by MCA Financial Group, Ltd. ("MCA Financial") under sale procedures and terms acceptable to Capital One. The Court held a hearing on the Emergency Motion on March 9, 2023 (the "Hearing"). Due and proper notice of the Emergency Motion and the Hearing under the circumstances was given.

Based upon the Emergency Motion, related pleadings filed with respect to the Emergency Motion, the representations and argument presented to the Court at the Hearing, and the entire record before the Court, and good and sufficient cause appearing therefore,

**IT IS HEREBY FURTHER FOUND AND CONCLUDED** that:

A.  On September 23, 2022 (the "Petition Date"), the Debtor filed its voluntary petition (the "Petition") under Chapter 11 of the Bankruptcy Code, thereby initiating this Bankruptcy Case. The Debtor is continuing in possession of its property, and operating and managing its business, as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

---

[1]  "Order re DS" refers to and means the Court's *Order (I) Approving Debtor's Amended Disclosure Statement; (II) Establishing Deadlines And Procedures Relating To Plan Confirmation Hearing; And (III) Addressing Related Matters* [Dkt. 105] entered by the Court on February 17, 2023.

[2]  "Stipulated Order" refers to and means the Court's *Stipulated Order Granting Conditional Stay Relief In Favor Of Capital One, National Association* [Dkt. 104] entered by the Court on February 17, 2023. Unless stated otherwise herein, terms defined in the Order re DS and the Stipulated Order, as applicable, will have the same meanings when used in this Emergency Motion.

B.      This Court has jurisdiction over the Bankruptcy Case and the Emergency Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. The Emergency Motion presents a core proceeding as defined in 28 U.S.C. § 157(b)(2).

C.      The Debtor is the owner of certain interests in real property and improvements comprising an office building located at 3333 Old Milton Parkway, Alpharetta, Fulton County, Georgia (the "Property").

D.      The Debtor is not the owner of the real property underlying the office building. Rather, the Debtor is the ground lessee of the Property pursuant to a Ground Lease Agreement dated as of August 31, 2017 (as amended from time to time, the "Ground Lease") between 3333 Old Milton Alpharetta LLC (the "Ground Lessor"), as landlord, and the Debtor, as tenant.

E.      Pursuant to a Loan Agreement dated as of August 30, 2019 (as thereafter amended, the "Loan Agreement") entered by the Debtor, as borrower, and Capital One, as administrative agent, collateral agent, and a lender, Capital One provided a non-revolving loan facility in the maximum principal amount of $32,000,000 to Borrower (the "Loan"). (The Loan Agreement, as amended prior to the Petition Date, together with all collateral and ancillary documents executed in connection therewith are referred to herein as the "Loan Documents", and the principal, interest, fees, expenses and other amounts owing by the Debtor under the Loan Documents are referred to herein as the "Indebtedness").

F.      Capital One asserts that, as security for repayment of the Indebtedness, Capital One holds valid, perfected, and enforceable liens and security interests in substantially all assets of the Debtor as described in the Loan Documents (collectively, the "Collateral"), including, among other things, all of the Debtor's right, title, and interest in and to the Property (including all of the Debtor's rights under the Ground Lease). The Collateral also includes cash proceeds and other cash equivalents that are "cash collateral" as defined in Bankruptcy Code §363(a).

G.      The Court entered the Order re DS after a hearing on February 16, 2023. Under the Order re DS, the Court granted approval of the Debtor's Disclosure Statement subject to the terms and conditions stated in the Order re DS. *See* Order re DS, ¶1. Based on an agreement by the Debtor, Capital One and the Ground Lessor, the Court also scheduled deadlines and pretrial procedures for a final Confirmation Hearing on the Debtor's Plan, which was set to commence on March 17, 2023.

H.      After the Order re DS was entered, the Debtor filed its *Amended Plan Of Reorganization Proposed By 3333 Alpharetta Lifehope 10 Acre Land, LLC* [Dkt. 114] (the "Amended Plan") and related *Amended Disclosure Statement For Amended Plan Of Reorganization Proposed By Debtor 3333 Alpharetta Lifehope 10 Acre Land, LLC* [Dkt. 115] (the "Amended Disclosure Statement").

I.      As in the Debtor's initial Plan, the Amended Plan is premised entirely on the Debtor's proposed sale of its interests in the Property to provide funding for payments and distributions under the Amended Plan. The Debtor entered the purchase and sale agreement described below with a potential buyer, a copy of which is attached to the Amended Disclosure Statement. The Debtor, as seller, and 3333 Physicians Center MOB 1 SPE, LLC ("Buyer"), as purchaser, are parties to that certain Purchase and Sale Agreement dated as of December 16, 2022 (the "PSA"). Under the PSA, Buyer will buy the Debtor's interests in the Property and certain related assets for a cash purchase price of $39,500,000, subject to the terms and conditions of the PSA. The Debtor stated previously that the sale under the PSA (the "Proposed Sale") would close no later than April 15, 2023. *See* Stipulated Order, ¶ I.

J.      Under the Order re DS, the Court directed the Debtor and the Buyer to cooperate with discovery requests from Capital One and the Ground Lessor for purposes of the Confirmation Hearing as follows:

> a.      Discovery. The Debtor and the Buyer are hereby directed (i) to cooperate with and respond to informal discovery requests from Capital One,

-4-

   the Ground Lessor and any other parties no later than **March 6, 2023**, and (ii) to make available for deposition no later than **March 12, 2023** representatives of the Debtor, the Buyer, and any witness that the Debtor intends to call at the Confirmation Hearing.

Order re DS, ¶ 7(a).

  K. Given the Confirmation Hearing scheduled to commence March 17, it was critical for the Buyer and the Debtor to comply with discovery requests in a timely manner as directed by the Court in the Order re DS.

  L. In accordance with the Order re DS, Capital One served informal discovery on the Debtor ("Capital One Discovery Requests/Debtor," a copy of which is attached to the Emergency Motion as Exhibit A) and the Buyer ("Capital One Discovery Requests/Buyer," a copy of which is attached to the Emergency Motion as Exhibit B).

  M. Capital One also requested that the Debtor make available for deposition prior to the March 12 deadline established by the Order re DS representatives of the Debtor (Scott Honan) and the Buyer (Brian McCoy), along with any other witness the Debtor intends to call at the Confirmation Hearing.

  N. On Monday, March 6, 2023 (the day when the Buyer's response to the Capital One Discovery Requests/Buyer was due), counsel for the Buyer informed Capital One's counsel (and others) that the Buyer did not intend to produce any documents in response to the Capital One Discovery Requests/Buyer and further that the Buyer's representative does not intend to sit for a deposition this week. *See* March 6, 2023 email from Tobin Watt to Robert Harris, David Doyle and Elizabeth Childers, a copy of which is attached to the Emergency Motion as Exhibit C.

  O. The intentional failure of the Buyer to cooperate with discovery for purposes of the Confirmation Hearing as directed by the Court has rendered it impossible for Capital One, the Ground Lessor and other parties to prepare for the Confirmation Hearing.

  P. Similarly, the Debtor has failed to timely produce any documents in response to the Capital One Discovery Requests/Debtor.

QB\191108.00436\78744696.2

Q. In addition, the Buyer (through counsel) has admitted that it is currently unwilling or unable to proceed with the Proposed Sale (upon which the Debtor's Amended Plan is entirely premised) in accordance with terms of the PSA.

R. The Court entered the Stipulated Order on February 17, 2023. The Stipulated Order was based on an agreement between the Debtor and Capital One to address Capital One's motion for stay relief [Dkt. 88]. *See* Stipulated Order, p. 2.

S. Under the Stipulated Order, Capital One is granted stay relief to enforce all of its rights and remedies in the Property and Capital One's other Collateral effective as of the "Stay Relief Effective Date" as defined in the Stipulated Order. *See* Stipulated Order, ¶ 3. The Stay Relief Effective Date "means the earliest of the following: (i) April 15, 2023, (ii) the date that Buyer has terminated the PSA, (iii) the date that the Court enters an Order denying confirmation of the Debtor's Plan or otherwise terminating confirmation proceedings on the Debtor's Plan, or (iv) the date that the Court enters an Order denying a motion by the Debtor for approval to assume and assign the Ground Lease to Buyer in conjunction with the Proposed Sale." *Id.*

T. Given the Buyer's intentional failure to cooperate with discovery as directed by the Court and its admission that it is not in a position to proceed with the Proposed Sale less than two weeks prior to the Confirmation Hearing, it is appropriate for the Court to immediately confirm and declare that the confirmation process on the Debtor's Plan is terminated.

U. The Stipulated Order further provides that Capital One, in its sole discretion, has the option to elect for the Property and other Collateral to be sold through a Bankruptcy Code § 363 sale process that is acceptable to Capital One. In this regard, the Stipulated Order provides:

> After the Stay Relief Effective Date, **Capital One shall have the option, in its sole discretion, to elect for the Property and other Collateral acceptable to Capital One to be sold through a Section 363 sale process before this Court** (the "<u>Section 363 Sale Process</u>"). The Debtor has

requested that the Property and such related Collateral be sold through the Section 363 Sale Process, and the Debtor shall cooperate fully with the Section 363 Sale Process. . . .

Stipulated Order, ¶ 4 (emphasis supplied).

V. Pursuant to the Court's *Sixth Interim Order Authorizing Debtor's Limited Use Of Cash Collateral And Granting Adequate Protection And Related Relief* [Dkt. 111] (the "Sixth Interim Order"), MCA Financial has been authorized to commence a sale marketing process for the Property under an agreement with the Debtor that is acceptable to Capital One. *See* Sixth Interim Order, ¶ 10.

W. At the Hearing, Debtor's counsel stated that the Debtor does not oppose the relief requested in the Emergency Motion.

X. Accordingly, it is also appropriate for the Court to confirm that the stay relief granted to Capital One under the Stipulated Order is immediately effective under these circumstances and that, at its election and in its sole discretion, Capital One can immediately pursue approval of a Section 363 sale process acceptable to Capital One.

Accordingly, based upon the foregoing findings and conclusions, and for the reasons stated on the record at the Hearing, and good and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED** that:

1. The Emergency Motion is hereby GRANTED. Any objections to the Emergency Motion are hereby OVERRULED.

2. The confirmation process with respect to the Debtor's Amended Plan described in the Order re DS will not proceed and is hereby terminated.

3. For purposes of the Stipulated Order, the "Stay Relief Effective Date" is deemed to have occurred. Accordingly, the stay relief granted to Capital One pursuant to the Stipulated Order shall be immediately effective, such that all stays and injunctions, including, but not limited to, the automatic stay of Bankruptcy Code §362(a), are terminated so that Capital One is entitled to immediately enforce all of its rights and remedies with respect to Capital One's Collateral without further order of this Court as

provided in the Stipulated Order. This Order, and the relief granted herein, are not subject to the 14-day stay provided in Bankruptcy Rule 4001(a)(3).

4. Further, as provided in the Stipulated Order, Capital One shall have the option, in its sole discretion, to elect for the Property and other Collateral acceptable to Capital One to be sold through a Section 363 sale process before this Court (the "Section 363 Sale Process"), subject to Court approval of any such sale, the sale procedures for any such sale, and the related assumption and assignment of the Ground Lease, and the Debtor shall cooperate fully with the Section 363 Sale Process.

5. Under the Order re DS, a final confirmation hearing on the Debtor's Amended Plan was scheduled for March 17, 2023 and March 20, 2023. The confirmation hearing is hereby cancelled.

###END OF ORDER###

QB\191108.00436\78744696.2

**Draft prepared and presented by:**

QUARLES & BRADY LLP

*s/ Robert P. Harris*
John A. Harris (pro hac vice)
Arizona Bar No. 014459
john.harris@quarles.com
Robert P. Harris (pro hac vice)
Arizona Bar No. 011523
robert.harris@quarles.com
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5200

-and-

BALCH & BINGHAM LLP
Walter E. Jones
Georgia Bar No. 163287
wjones@balch.com
Patrick Silloway
Georgia Bar No. 971966
psilloway@balch.com
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656
ATTORNEYS FOR CAPITAL ONE, NATIONAL ASSOCIATION

**Distribution List:**

All parties

QB\191108.00436\78744696.2